# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT FLORIDA

_____X

**ALLEN B. GOTTLIEB,**

**PHYLLIS J. GOTTLIEB,**

**PHYLLIS J. GOTTLIEB AS GUARDIAN**

**FOR JESSE H. GOTTLIEB, and**

**RACHEL E. GOTTLIEB,**

 **PLAINTIFFS.**          **COMPLAINT**

**Against**

**NANCY ELLEN TYLER, and**          **PLAINTIFFS DEMAND**

**JOHN GRAUBARD,**          **TRIAL BY JURY**

_____**DEFENDANTS**____**X**

## COMPLAINT

1. Plaintiffs ALLEN B. GOTTLIEB, PHYLLIS J. GOTTLIEB, PHYLLIS J. GOTTLIEB AS GUARDIAN

    FOR JESSE H. GOTTLIEB, and RACHEL E. GOTTLIEB, for their complaint allege as follows

    and demand a trial by jury:

## JURISDICTION

2. This Civil action is brought pursuant to Bivens V. Six Unknown Named Agents of the

    Federal Bureau of Narcotics, 403 U.S. 388 (1971).  This Court has jurisdiction over this

    action pursuant to under 28 U.S.C. Sec. 1331 and 2201.

## VENUE

3. Venue is proper in this district because a substantial part of the events or omissions giving rise to these claims occurred or a substantial part of property that is the subject of the action is or was situated, in it.

## PARTIES

**PLAINTIFFS**:

4. Allen Bruce Gottlieb, "Allen", is a citizen of the United States and a resident of the State of Florida residing at 2617 Lincoln Avenue, Miami, Florida 33133.

5. Phyllis Jean Gottlieb, "Phyllis", is a citizen of the United States and a resident of the State of Florida residing at 2617 Lincoln Avenue, Miami, Florida 33133.

6. Jesse Harry Gottlieb, is a citizen of the United States and a resident of the State of Florida residing at 2617 Lincoln Avenue, Miami, Florida 33133. Jesse is the son of Allen and Phyllis and is profoundly disabled by Downs Syndrome. Phyllis is his Miami-Dade County Court appointed Guardian.

7. Rachel Elizabeth Gottlieb, is a citizen of the United States and a resident of the State of Florida residing at2617 Lincoln Avenue, Miami, Florida 33133. She is the daughter of Allen and Phyllis.

**DEFENDANTS**:

2

8. Nancy Ellen Tyler, is Assistant Chief Litigation Counsel in the Division of Enforcement of the United States Securities and Exchange Commission, with an address of  100 F Street, NE, Room 5608; Mail Stop 5631, Washington, DC 20549-0022.

9. John J. Graubard, was, during the relevant time periods in this complaint, Senior Trial Counsel for the Securities and Exchange Commission in its New York Regional Office, at 200 Vesey Street, Room 400, New York, NY 10281-1022.

## JURY DEMAND

10. Plaintiffs demand a trial by jury in this action on each of their claims triable by jury.

## PREAMBLE

11. Individuals whose constitutional and other federal rights have been violated by federal and state government officers may bring federal lawsuits against those officers.

12.  Defendants took the actions described below in their roles as government officials acting under color of a State of Federal statute, ordinance, regulation, custom, or usage, and thereby subjected Plaintiffs to the deprivation of their rights, privileges, and immunities secured by the Constitution and laws of the United States and by the State of Florida and New York.

13. Defendants abused their authority and conducted themselves with reckless and ruthless abandon of their duties and responsibilities, and for three (3) years deprived Plaintiffs' individuals for of their rights and protections guaranteed by the constitution and Florida Statutes and the well-established case Law and operated with complete and unrestrained impunity.

## 4.  STATEMENT OF FACTS

3

1. During the time period alleged in this complaint, the "Gottlieb Family", consisting of "Phyllis" Gottlieb, 68, wife and mother, "Allen" Gottlieb 76, husband and father, "Jesse" Gottlieb, 25, son born with Profound Downs Syndrome, who is cared for and who living at the Gottlieb family's homestead residence located at 3234 NE 211th Court,  Aventura, Florida, 33180 and who was attending the Florida ARC School for Disabled Children and "Rachel" Gottlieb, daughter 23, who was a full time student at Florida International University.

2. All Plaintiff's lived in their Aventura Homestead since it was purchased by Phyllis in 2009 and continued to live there until they were ordered to vacate the property in 72 hours by Court order issued on 07/16/15 by Judge Bagley, Circuit Court of 11th Judicial Circuit in and for Miami-Dade County, Florida, Case. #2014-14726 CA01,

3. The members of the Gottlieb family had been residents of Florida for over two decades at the time the events described herein occurred.

4. Defendants Nancy Tyler and John Graubard are and/or were highly placed agents and employees of the United States Securities and Exchange Commission, "SEC", hereinafter "Agents".

5. Phyllis, as sole owner of the Aventura Property signed a contract to sell her property to the Bromberg Family and a back-up contract with the Cohen Family just in case the Bromberg's failed to close. The Bromberg's put up their non-refundable down payment and completed the financing and everything was set for them to close and to move in

6. The Gottlieb family moved out of their residence as contractually required permitting the Brombergs to move in and gain proper occupancy.

7. Phyllis had already chosen a new Homestead residence and entered into a binding contract to purchase another Homestead Residence in Ocala, Florida which contract had a **Condition** clearly written into the Agreement that the Aventura Homestead proceeds were to be used for the seamless purchase of the Ocala, Homestead.

8. Just days before the closing with the Bromberg's, the Cohen's filed an action in Miami-Dade Court preventing the sale from closing and claiming their backup contract entitled them to the Aventura Homestead, not the Brombergs.

9. Phyllis maintained sole ownership of the property during the legal battle which lasted for over a year and the Gottlieb Family moved back in to the Aventura Property and continued their normal lives.

10. Phyllis retained an attorney to reject both the Bromberg's and Cohen's Contracts.

11. After a year, the Bromberg's got fed-up with all the court costs and dropped out of the case leaving just the Cohens and Phyllis to fight it out in the law suit.

12. However, during the one year plus period that the case was being fought the Gottlieb family moved back into their Homestead residence, placed their children back into school and returned to the normal life with the firm intentions to remain in their Aventura Homestead.

13. During the course of this hotly contested legal battle between Phyllis and the Cohens, on 07/16/15  Judge Bagley, Circuit Court of 11th Judicial Circuit in and for Miami-

Dade County, Florida. #2014-14726 CA01 ordered Phyllis to vacate the property in 72 hours.

14. The IRS, out of nowhere, placed a cloud on Phyllis title by filing a tax lien on the Aventura Homestead Residence for $311,000 and took Phyllis Bank Account with $29,000 +.. Upon information and belief, Tyler and Graubard were responsible for the IRS interference by directing the IRS to file a baseless lien to buy time for the SEC to file a baseless restraining notice.

15. . Phyllis retained a tax advocate who challenged the IRS's highly suspiciously timed lien and immediately the IRS recanted  and promptly removed the lien and issued a written apology to Phyllis claiming an identity theft caused the mistake with the Phony lien, but to this day the IRS has not returned Phyllis's $20,000+.

16.  Phyllis was forced by court order to move out and to sell her Aventura Florida Homestead Residence to the back up buyer, the Cohens for $817,000.

17. Phyllis signed a Real estate Agreement PRIOR to the sale to buy an Ocala, Florida Homestead Residence **Conditioned** on the seamless use of those Aventura Homestead proceeds to buy the Ocala Homestead Residence.

18. The Agents then filed a baseless restraining notice pursuant to collection provisions provided for in New York State's Civil Practice Laws and Rules ("CPLR"), which restrained the proceeds of the sale to the Cohens.

19. The Agents acted willfully and knowingly in filing such restraining notice and then in filing an equally meritless and fallacious CPLR 5227 Turnover Application in the

6

United States District Court for the Southern District of New York, falsely claiming that Phyllis was the "Alter Ego" of her husband Allen, who was a judgment debtor since 2003, which Phyllis created a routine trust instrument in 2012 on the advice of her estate-planning lawyer.  The trust held title to the Aventura property until it was transferred into Phyllis's sole name shortly before the sale to facilitate that sale.

20. The fallacious claim of "Alter Ego" was contrary to all the publicly filed ownership and tax records the Agents had in their possession.

21. The Restraining Notice and Turnover Application were both malicious instruments designed to restrain Phyllis' right to the sale proceeds and to deceive the Southern District Court into granting their Application to take possession of the restrained funds.

22. Plaintiffs are all Florida residents and were Florida residents during the periods alleged in this complaint.  As such, all were entitled to the broad protections provided for in Florida's expansive, constitutional and other legal Homestead doctrines.

23. Plaintiffs resided continuously in the Aventura house for several years as their primary residence.  When Phyllis sold the property, she intended to apply the proceeds of the sale to purchase a replacement Homestead property in Ocala Florida.  She had a contract to purchase such property but was unable to purchase it or any other property solely as a result of the Agents' unlawful restraint of the proceeds of the Aventura property.

24. The Homestead law protects the owner of a Florida Resident from creditors.  Therefore, whether Phyllis was the sole owner of the Homestead Residence or was the "Alter Ego" of Allen, as the Agents falsely alleged in restraining and then trying to recover the

proceeds of the sale of the Aventura house, at the very least Phyllis and Allen owned the Homestead Residence as Tenants by the Entirely.  As such the proceeds of the sale could not be used to satisfy the judgment of only one such tenant.

25. Even if Allen were the sole owner the Homestead Residence it would not matter as under all these circumstances the Proceeds from the sale of the Homestead Residence would be fully protected by the Homestead exemption.   The Agents knew, or should have known, this before they took the reckless and baseless act of restraining the proceeds of the sale and before they filed their baseless turnover action.  Even if they did not recognize these things at the time the filed either of those notices or applications, they were involved in extensive discussions with counsel for the Gottliebs after that, and were provided documents demonstrating that the 2012 trust was created for legitimate reasons (and also that it did not create any property interest in Allen) yet the Agents refused to drop their turnover action or to agree to the release of the restrained funds.

26. Under the applicable Homestead law in Florida, a Judgment is an "unsecured lien" which is a nullity with respect to the proceeds of a sale of a Homestead residence. Accordingly, Phyllis was and is still fully entitled to the funds and the Agents violated her rights by filing the baseless restraining notice and turnover action.

27. Additionally, since the Turnover Application was devoid of any pleading claiming any exceptions to the Homestead protections, there was not even a proffered basis by the Agents to proceed against the protected Homestead proceeds.

28. There is not a scintilla of evidence to support the Agents' claims to the proceeds of the Aventura house sale.

29. The fallacious Turnover Application resulting in the wrongful Seizure of $817,000 from the sale of Phyllis Aventura Homestead was and still is devastating the Gottlieb Family with a profoundly disabled child by forcing them into homelessness now for three (3) years and counting when they intended to move into their new Homestead residence three (3) years ago.

30. . During these devastating three (3) years the Gottlieb family remained homeless without funds to purchase another Florida Homestead Residence these Agents have not provided anything into the court records, not a scintilla of exculpatory evidence exists to support their baseless claims of "Alter Ego".

31. Neither have the Agents sought to withdraw their Turnover Application or to remedy their malicious acts.

32. The above violations and deprivations of rights, privileges and protections granted to the Gottlieb Family by the Constitution under Amendments 4, 5, and 8, have all been willfully violated by Agents of the Securities and Exchange Commission, while operating under color of law as evidenced by the Agents willfully filing their fallacious Turnover Application to seize $817,000 protected Homestead proceeds from the sale of Phyllis's Florida Homestead Residence by falsely claiming Phyllis was the "Alter Ego" of Allen, but failing to provide a scintilla of evidence to substantiate their fallacious claims to the sale proceeds. The Judgment they hold is against Allen, NOT against

Phyllis. Even if the unsecured lien was against Allen, nevertheless, it would be null and void with respect to these protected Homestead funds.

33. These Agents could have filed their claims at any time during the years Phyllis owned the Aventura Homestead, but maliciously waited under the sale was completed and then filed their actions willfully forcing the Gottlieb Family into Homelessness with a profoundly disable child now for three (3) years. All these willful acts were perpetrated despite the fact that these Agents had all the publicly filed tax records and ownership documents in their possession proving that Phyllis was the sole owner of the Aventura Homestead Residence but without a scintilla of evidence to contradict the exculpatory publicly filed ownership and tax records.

34.    **SUMMARIZING PIVOTAL EVENTS LEADING TO CLAIMS FOR RELIEF**

   A.  These Agents, while operating under color of law, willfully deceiving the court by filing a totally fallacious restraining notice and then an equally fallacious Turnover Application without a scintilla of supporting evidence and contrary to the abundant documentary evidence in the public records, as amplified by additional evidence counsel for the Gottliebs furnished in the Turnover Proceeding has provided the Agents, which prove Phyllis was the sole and rightful owner of the Aventura Homestead Residence.

   B.  Yet with all this evidence in their possession these Agents chose to fabricate a false narrative to try to deceive the court and submitted their sworn Turnover Application

deceitfully claiming Phyllis is the "Alter Ego" of Allen without a scintilla of evidence.

C. These Agents maliciously proceeded knowing they lied to the court just to try to use funds owned solely by Phyllis to satisfy their judgment against her husband, Allen.

D.  These Agents willfully targeted Allen's wife and Family with a profoundly disabled child, deliberately inflicting grievous and irreparable harm on all the member of the Gottlieb family.

E. The Agents maliciously filed a totally fallacious Turnover Application that directly resulted in the unlawful Seizure of Phyllis $817,000 Protected Homestead Residence Proceeds from the sale of her Aventura Homestead Residence without a scintilla of evidence to substantiate their wild claims.

F. This wrongful Seizure of Phyllis Homestead Proceeds forced the Gottlieb Family with a profoundly disabled child into devastating Homelessness without funds to purchase a new Homestead.

G. These maverick Agents continued their devastating charade keeping the Gottlieb Family homeless now for Three (3) years and counting yet have added no new evidence into the record to substantiate their fallacious claims and nothing to contradict the Publicly filed title and tax records proving that Phyllis is the sole owner of the Florida Homestead resulting in the Gottlieb Family remaining homeless now for over three (3) years.

H. These Agents have willfully continued to perpetrate their vindictive scheme in the face of compelling evidence in the public record and as provided by counsel for the Gottliebs in the Turnover proceeding.

I. These  Agents unlawful actions have violated the Gottlieb Family members' due process rights and other rights as guaranteed by the United States Constitutional as well as denying Phyllis her rights and protections under the Florida Homestead Statues and well established case law culminating in gross deprivations as follows:.

    i) The Fourth (4th) Amendment against unreasonable search and seizure;

    ii) The Fifth (5th) Amendment by depriving them of life, liberty or property without due process of law.

    iii) The Eighth (8th) Amendment which prohibits the federal government from imposing excessive bail, excessive fines, or cruel and unusual punishment, and

    iv) The Eight (8th) Amendment against violations of Florida State Laws in particular the Homestead: statutory and the well establish case law.

## COUNT ONE

## VIOLATIONS OF THE FOURTH AMENDMENT

35. The forgoing facts and allegations are all re-alleged and incorporated herein by reference as if fully set forth here again.

36. Defendants, Defendants Nancy Ellen Tyler and John Graubard were and/or are still Federal Agents employed by the Securities and Exchange Commission and at all times referred to in this complaint were and/or are acting under color of law.

37. Their actions violated the Fourth Amendment to the United States Constitution because, inter alia, (a) there was no probable cause to believe that the proceeds of the sale of the Aventura property could lawfully be seized.

38. Defendants' unlawful and willful conduct deprived Plaintiffs of their rights, privileges, and immunities secured by the Constitution and laws of the United States by, inter alia, violating their 4th Amendment rights and protections against unreasonable searches and seizures when they deceitfully and willfully seized their property maliciously serving a fallacious restraining notice and filing a fallacious Turnover Application, in bad faith, without a scintilla of supporting evidence and contrary to all the evidence in their possession.

39. Despite that knowledge, Defendants filed their baseless restraining notice and their frivolous Turnover application.

40. Defendant's unlawful and willful actions caused Plaintiffs irreparable harm and monetary damages by preventing them from moving into their new Homestead and, instead, forced them into devastating Homelessness with a profoundly disabled child and all the suffering, pain, anguish, depressing and scaring anxiety from suddenly being without the safety and comfort of a home, especially polarizing for a profoundly disabled child.

41. These violations of the 4th Amendment rights of an innocent family with a profoundly disabled child, continuing over a three (3) year period, has caused irreparable harm and monetary damages in an amount to be determined at trial.

## COUNT TWO
## VIOLATION OF THE FIFTH AMENDMENT

42. The forgoing facts and allegations are all re-alleged and incorporated herein by reference as if fully set forth here again.

43. Defendants Nancy Ellen Tyler and John Graubard, acting under color of state law, deprived Plaintiffs of their rights, privileges, and immunities secured by the Constitution or laws of the United States by, inter alia, by depriving them of due process and by the unlawful taking their private property for public use, without just compensation and depriving them of life, liberty and property.

44. Despite having in their possession exculpatory evidence that Phyllis is the sole owner of the Aventura Homestead Residence the  Defendants filed their baseless restraining notice and their frivolous Turnover application.

45. Defendant's unlawful and willful actions caused Plaintiffs irreparable harm and monetary damages by preventing them from moving into their new Homestead and, instead, forced them into devastating Homelessness and all the suffering, pain, anguish, depressing and searing anxiety from suddenly being without the safety and comfort of a home, especially polarizing for a profoundly disabled child.

**46.** By their willful acts, these culprit Agents fabricated one lie after another and presenting them to the court who accepted those lies without a scintilla of evidence to support their restraining notice and/or Turnover Application resulting in the wrongful Seizure $817,000 in protected homestead proceeds depriving Plaintiffs, without due process or just compensation of their 5th Amendment rights to life, liberty and property.

**47.** These violations of the 5th Amendment rights of an innocent family with a profoundly disabled child, continuing over a three (3) year period, has caused irreparable harm and monetary damages in an amount to be determined at trial.

## **COUNT THREE**
## **VIOLATIONS OF THE EIGHTH AMENDMENT**

**48.** The forgoing facts and allegations are all re-alleged and incorporated herein by reference as if fully set forth here again.

**49.** Defendants, Nancy Tyler and John Graubard, acting under color of state law, are and/or were Federal Agents employed by the Securities and Exchange Commission and at all times referred to in this complaint were acting under color of law.

50. Their conduct deprived Plaintiffs of their rights, privileges, and immunities secured by the Constitution or laws of the United States by violations guaranteed to them under the 8th Amendment to the Constitutional by the imposition of excessive fines, excessive bail and cruel and unusual punishment.

**51.** The violations of the Eight Amendment created an unacceptable risk of health and mental-health problems for the aging Allen and Phyllis and their profoundly disabled

son, Jesse, as well as Rachel, by depriving them access to their medical and other types of caregivers.

52. Despite that knowledge, Defendants filed their baseless restraining notice and their frivolous Turnover application.

53. Defendant's unlawful and willful actions caused Plaintiffs irreparable harm and monetary damages by preventing them from moving into their new Homestead and, instead, forced them into devastating Homelessness and all the suffering, pain, anguish, depressing and scaring anxiety from suddenly being without the safety and comfort of a home, especially polarizing for a profoundly disabled child.

54. Government Agents are held to a high standard not to do violence to our Constitution and to violate the 8th Amendment rights of Plaintiffs.

55. These violations of the 8th Amendment rights of an innocent family with a profoundly disabled child, continuing over a three (3) year period, has caused irreparable harm and monetary damages in an amount to be determined at trial.

## COUNT FOUR
## VIOLATIONS OF FLORIDA HOMESTEAD STATUTES/CASE LAW
## ALSO PROTECTED UNDER THE 8TH AMENDMENT

56. The forgoing facts and allegations are all re-alleged and incorporated herein by reference as if fully set forth here again.

57. Defendants, Nancy Ellen Tyler and John Graubard, are and/or were Federal Agents employed by the Securities and Exchange Commission and at all times referred to in this complaint were acting under color of law.

58. Agents deprived Plaintiffs of their rights, privileges, and immunities secured by the Constitution or laws of the United States and/or the State of Florida, including but not limited to, the Homestead exemption which provides Florida residents with valuable legal benefits and protections, which Defendants transgressed and violated by their unlawful filing of the restraining notice and meritless Turnover action.

59. Defendants knew or should have known that the Florida Homestead Exemption protects a Florida resident's primary home from levy and execution by any judgment creditor. They further knew that the judgment they had was against Allen, not against Phyllis. As well the Agents knew or should have known that a judgment creditor cannot force the sale of a homestead property to satisfy a money judgment and that a recorded judgment does not attach to a debtor's homestead.

60. Despite that knowledge, Defendants filed their baseless restraining notice and their frivolous Turnover application.

61. Defendant's unlawful and willful actions caused Plaintiffs irreparable harm and monetary damages by preventing them from moving into their new Homestead and, instead, forced them into devastating Homelessness and all the suffering, pain, anguish, depressing and scaring anxiety from suddenly being without the safety and comfort of a home, especially polarizing for a profoundly disabled child.

62. These violations of the Florida Homestead Laws are protected by the 8th Amendment rights and protections against excessive fines, excessive bail and cruel and unusual punishment by devastating an innocent family with a profoundly disabled child, continuing over a three (3) year period, has caused irreparable harm and monetary damages in an amount to be determined at trial.

**COUNT FIVE**

**EQUITABLE RELIEF UNDER THE DOCTRINE OF UNCLEAN HANDS**

63. The forgoing facts and allegations are all re-alleged and incorporated herein by reference as if fully set forth here again.

64. Defendants, Nancy Ellen Tyler and John Graubard, agents and employees of the SEC during the time herein complained about, filed a fallacious Turnover Application contrary to all the publicly filed title and tax records and documents in their possession which prove that Phyllis is the sole owner of the Aventura Property as well as all Homestead properties since 1994.

65. Also to be noted is that fact that prior to 1994 Phyllis and Allen held all Family residence's as Tenants by the Entirety. Yet these rogue Agents willfully chose to ignore all the evidence and filed their groundless restraining notice and sanctionable Turnover action without a scintilla of evidence to substantiate their allegations of Alter Ego, willfully devastating Allen, his wife Phyllis and their family including their profoundly disabled child.

66. These Agents knew or should have known the law but nevertheless chose to cause Plaintiffs harm and damage by serving their fallacious restraining notice and filing their equally fallacious Turnover Application, unlawfully depriving Plaintiffs of their rights and privileges.

67. They proceeded with unlawful intent to damage Plaintiffs and to cause them all harm with reckless disregard for the law devastating Allen's innocent family, including his profoundly disabled child by forcing them into homelessness for three (3) years and counting. . By these malicious, deceitful and unforgivable willful acts these Federal Agents abused their SEC credentials and intentionally and unlawfully devastated the Gottlieb family.

68. These Agents knowingly and willfully abused their authority as officers of the court when they served their groundless restraining notice and then misled the court compounding their Unclean Hands and Dirty Tricks, their Hallmark calling card, by filing an equally groundless Turnover action, all resulting collectively in draconian problems for each of the Gottlieb Family members including, but not limited to just actual monetary damages and or for confusion, depression, insecurity, fear, emotional distress and anguish.

69. Because these Agents acted with Unclean Hands, the Agents are liable for devastating an innocent family with a profoundly disabled child, continuing over a three (3) year period, has caused irreparable harm and monetary damages in an amount to be determined at trial.

## COUNT SIX

## DECLARATORY JUDGMENT/INJUNCTIVE RELIEF WITH

## RETURN OF THE $817,000 UNLAWFULY SEIZED  HOMESTEAD PROTECTED PROCEEDS

70. The forgoing facts and allegations are all re-alleged and incorporated herein by reference as if fully set forth here again.

71.  Phyllis is entitled to a declaration that she is entitled to all of the restrained funds, $817,000 wrongly seized and protected Homestead proceeds, which are currently being held in the Registry of the United States District Court for the Southern District of New York, and an order directing the Clerk to release such funds to Phyllis.

72. Granting an injunction would serve the public interest and would be in accordance with Florida Constitutional and other law and authority, which is dedicated to the prevention of homelessness and preventing any further devastation to Phyllis and to the Gottlieb family with a disabled child.

## DAMAGES

73. Plaintiffs are entitled to consequential and compensatory damages, reasonable attorneys fees, aggravated damages, punitive damages and special damages as follows:

A.  Phyllis J. Gottlieb, for injuries suffered and sustained over Three (3) years and continuing, in the amount of Fifteen Million USD, ($15,000,000),

B.  Allen B. Gottlieb, for injuries suffered and sustained over Three (s) years and continuing, in the amount of Fifteen Million USD, ($15,000,000),

C.  Rachel E. Gottlieb, for injuries suffered and sustained over Three (3) years and continuing, in the amount of Fifteen Million Dollars, ($15,000,000),

D.  Jesse H. Gottlieb, for injuries suffered and sustained over Three years and continuing, in the amount of Thirty Million USD, ($30,000,000).

E.  A declaration and injunction directing the return of the $817,000 wrongfully restrained Homestead Proceeds to Phyllis J. Gottlieb.

F.  Other compensatory damages in an amount to be proven at trial.

G.  Punitive damages in an amount to be proven at trial.

H.  Costs and reasonable attorney's fees, and

I.  Such further and other relief as the Court may deem just and proper.

Dated:  Miami, Florida

June  18, 2018

Allen B. Gottlieb, Pro Se

2617 Lincoln Avenue, Miami, Florida 33133

786-557-3717,

Lawconsultancy@aol.com

*Phyllis J. Gottlieb*

Phyllis J. Gottlieb, Pro Se

2617 Lincoln Avenue, Miami, Florida 33133

786-557-3717

Lawconsultancy@aol.com

*Rachel Gottlieb*

Rachel E. Gottlieb, Pro Se

2617 Lincoln Avenue, Miami, Florida 33133

786-557-3717

Lawconsultancy@aol.com

*Phyllis J. Gottlieb*

Jesse H. Gottlieb, by Phyllis J. Gottlieb as Court Appointed Guardian for Jesse H. Gottlieb

2617 Lincoln Avenue, Miami, Florida 33133

786-557-3717

Lawconsultancy@aol.com.