UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22428-GAYLES

ALLEN B. GOTTLIEB, *et al.*,

    Plaintiffs,

v.

NANCY ELLEN TYLER and
JOHN GRUBARD,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion for Transfer [ECF No. 32], pursuant to 28 U.S.C. § 1404(a). The Court has carefully reviewed the briefs, the record in this case, and the applicable law and is otherwise fully advised. For the reasons that follow, the motion shall be granted.

**I.**     **BACKGROUND**

In this action, Plaintiffs Allen B. Gottlieb ("Gottlieb") and three other members of his immediate family (collectively "Plaintiffs"), filed a Complaint seeking declaratory relief and damages against Defendants Nancy Ellen Tyler ("Tyler") and John Grubard ("Grubard"), attorneys with the Securities and Exchange Commission ("SEC") [ECF No. 1]. To understand the claims and allegations in the Complaint, it is necessary to recount some of the prior litigation history in which Gottlieb and his family have been involved. In 1998 the SEC initiated an action against Gottlieb in the Southern District of New York for the alleged fraudulent offer and sale of securities. *SEC v. Stewart*, No. 98-CV-2636-LAP (S.D.N.Y 1998) ("New York Action"). The New York Action resulted in a judgment against Gottlieb wherein he was ordered to pay

1

disgorgement, pre-judgment interest, and civil penalties, and enjoined from transferring, selling, or assigning any assets before the judgment was satisfied. In support of that judgment, the SEC filed a Motion for a Turnover Order ("Turnover Action") in the New York Action seeking to recover the funds from the sale of Gottlieb's Aventura, Florida, property.

In 2015, Phyllis Gottlieb—Gottlieb's wife and a Plaintiff in this action—filed an action in Florida state court seeking a declaration that the SEC could not garnish the subject funds. Defendants Tyler and Grubard, appearing on behalf of the SEC, removed the action to federal court and sought a transfer of that action to New York. *See Phyllis Gottlieb v. SEC and First Am. Title Ins. Co.*, No. 15-CV-23309-RNS (S.D. Fla. 2015) ("First SDFLA Action"). In the First SDFLA Action, Phyllis Gottlieb argued that the property was subject to Florida homestead laws that prevented the SEC from garnishing the funds related to the sale of that property. Judge Robert N. Scola granted the SEC's motion and transferred the action to the Southern District of New York. *Id.* at [ECF No. 37]. Following the transfer, the case was dismissed and appealed to the Second Circuit, which affirmed the transfer and dismissal. *See Gottlieb v. SEC, et al.*, No. 15-CV-9568-LAP (S.D.N.Y.), *aff'd* No. 16-3663 (2d Cir. Jan. 23, 2018). Plaintiffs now bring this *Bivens* action against Tyler and Grubard individually for their efforts on behalf of the SEC in the Turnover Action, and essentially make the same factual and legal arguments as those alleged in the First SDFLA Action.

Defendants[1] have moved to transfer venue from this Court to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a), arguing that this action involves the same facts and parties involved in the pending New York Action. Defendants argue that the interests of justice

---

[1] Defendants have specially appeared in this action as they each argue that service has not been completed on them. The Court does not address these issues on the merits but instead agrees that they may specially appear for the sole purpose of filing this Motion to Transfer and, in so doing, have not waived their rights to challenge the purported service.

favor transfer to the Southern District of New York in order to coordinate this action with the New York Action, prevent the duplication of discovery, and promote judicial economy. Defendants also argue that the interests of judicial economy trump Plaintiffs' choice of forum and weigh heavily in favor of transfer. The Court agrees.

**II.    DISCUSSION**

The statute governing venue transfer, 28 U.S.C. § 1404(a), provides, in relevant part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." This analysis requires a two-pronged inquiry. First, the court must determine whether the case may have been brought in the desired district of transfer. *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002). Second, "the court must weigh various factors . . . to determine if a transfer . . . is justified." *Elite Advantage, LLC v. Trivest Fund, IV, L.P.*, No. 15-22146, 2015 WL 4982997, at *5 (S.D. Fla. Aug. 21, 2015) (citation and internal quotation marks omitted). The Eleventh Circuit instructs that a district court should generally consider the following private and public interest factors to determine whether a transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of the relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

Plaintiffs' Complaint seeks to re-litigate those matters currently pending in the New York Action. This is evident from the allegations in the Complaint as well as the pleadings on the current Motion. Plaintiffs' main argument against transfer of this action is that they are seeking a declaratory judgement that the funds, currently held in the Southern District of New York, are

subject to the Florida homestead laws and should thus be litigated in this forum. In transferring the prior related action to New York, Judge Scola made all the necessary findings supporting transfer of this current action, including a finding that the New York court is capable of properly applying Florida homestead laws therein. *See First SDFLA Action*, No. 15-CV-23309-RNS at [ECF No. 37]. This Court adopts Judge Scola's findings and concludes that the factors weigh in favor of transfer. While Plaintiffs prefer this forum, they have not presented a sufficient justification to disturb Judge Scola's previous findings. It is clear from the record that this case should be transferred to the Southern District of New York where the first-filed New York Action remains pending and where the court may properly address all related issues affecting all parties.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Transfer Venue [ECF No. 32] is **GRANTED**. This action shall be transferred in its entirety to the United States District Court for the Southern District of New York. This action shall be **CLOSED** in this District. All pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 29th day of March, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE